# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ROBERT DEXTER and<br>STUART E. COOTS, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | 1:12CV1147 |
| MICHAEL P. HUERTA,<br>*Acting Administrator*,<br>*Federal Aviation*<br>*Administration* | )<br>)<br>)<br>)<br>)<br>) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on Defendant Federal Aviation Administration's ("FAA") Motion to Dismiss for Lack of Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) [Doc. # 6]. Plaintiffs Robert Dexter and Stuart Coots filed a complaint with this Court attempting to appeal the decision of a National Transportation Safety Board ("NTSB") administrative law judge ("ALJ") upholding the emergency revocation of their airman mechanic certificates [Doc. # 1]. For the reasons stated below, Defendant FAA's Motion to Dismiss is **GRANTED**, and Plaintiffs' claim is **DISMISSED** for lack

of jurisdiction because of Plaintiffs' failure to exhaust administrative remedies before the full Board of the NTSB prior to seeking judicial review.

At issue is whether the recently enacted Pilot's Bill of Rights, Pub. L. No. 112-153, 126 Stat. 1159 (2012) requires a decision by the full Board of the NTSB prior to seeking judicial review of an FAA certificate revocation order in a United States district court. For the reasons stated below, this Court finds that the Pilot's Bill of Rights requires the exhaustion of administrative remedies with a ruling by the Board of the NTSB prior to judicial review of a revocation order.

I.

On August 1, 2012, the FAA issued emergency orders revoking Robert Dexter's and Stuart Coots's airman mechanic certificates with airframe and powerplant ratings based on allegations that they intentionally falsified maintenance records in violation of 14 C.F.R. § 43.12(a)(1). On August 6, 2012, Mr. Dexter and Mr. Coots filed an appeal with the NTSB and a petition seeking review of the FAA's emergency orders of revocation. On August 14, 2012, the Chief Administrative Law Judge for the NTSB issued an order denying the petition. The case proceeded on August 27, 2012, to a full evidentiary hearing under the expedited process provided in 49 U.S.C.

§ 44709(e)(4) and C.F.R. § 821, subpart I, before the same ALJ. On August 30, 2012, at the conclusion of the hearing, the ALJ rendered an initial oral decision affirming the FAA's emergency orders of revocation. The ALJ advised the parties of their right to appeal the decision to the full Board of the NTSB.

On September 4, 2012, Mr. Dexter and Mr. Coots appealed the ALJ's decision to the full Board of the NTSB. On that same date, Mr. Dexter and Mr. Coots waived the right to an expedited review under the NTSB's emergency procedural rules so that they could file their appeal brief within 50 days of the date the oral inital decision was rendered instead of being required to file an appeal brief within five days of their notice of appeal. On October 17, 2012, Mr. Dexter and Mr. Coots withdrew their appeal to the full Board. Following the withdrawal of their notice of appeal, the NTSB issued a final agency order dismissing the appeal. On October 26, 2012, Mr. Dexter and Mr. Coots filed a complaint in this Court attempting to appeal the ALJ's initial August 30, 2012 decision.

II.

Federal courts are courts of limited jurisdiction and "possess only the jurisdiction authorized by the U.S. Constitution and by federal statute." U.S.

-3-

ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). Congress may limit the jurisdiction of federal courts by requiring exhaustion of administrative remedies before judicial review of agency action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). "[W]here Congress has not clearly required exhaustion, sound judicial discretion governs." Id. There are two distinct forms of administrative exhaustion: "statutory exhaustion" and "prudential or non-jurisdictional exhaustion." Avocados Plus, Inc. v. Veneman, 370 F.3d 1243, 1247 (D.C. Cir. 2004). Statutory exhaustion "arises when Congress requires resort to the administrative process as a predicate to judicial review." Id. Prudential or non-jurisdictional exhaustion is a "judicially created doctrine requiring parties who seek to challenge agency action to exhaust available administrative remedies before bringing their case to court." Id.

"Exhaustion is required because it serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." McCarthy, 503 U.S. at 145. "[T]he exhaustion doctrine recognizes the notion . . . that agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer. Exhaustion concerns apply with particular force when the action under review involves

-4-

exercise of the agency's discretionary power or when the agency proceedings in question allow the agency to apply its special expertise." Id. (citing McKart v. United States, 395 U.S. 185, 194 (1969)).  The exhaustion requirement  also promotes judicial efficiency by allowing an agency the opportunity to correct its own errors, thus avoiding the need for judicial review.  Id.  When judicial review is later sought by a party, the process of administrative exhaustion "may produce a useful record for subsequent judicial consideration, especially in a complex or technical factual context." Id.

Turning to the statute at issue, "in examining statutory language, . . . words are given their common usage, and [c]ourts are not free to read into the language what is not there, but rather should apply the statute as written." Robinson v. Shell Oil Co., 70 F.3d 325, 328 (4th Cir. 1995), *rev'd on other grounds*, 519 U.S. 337 (1997) (quotations omitted).  If the statutory language is clear and "the statutory scheme is coherent and consistent," the court must cease its inquiry and enforce the law according to its terms.  Id.  The Pilot's Bill of Rights provides, in pertinent part, that:

> Upon a decision by the National Transportation Safety Board upholding an order or final decision by the Administrator . . . imposing . . . an emergency order of

-5-

> revocation under [49 U.S.C. §§ 44709(d) and (e)], an individual substantially affected by an order of the Board may, at the individual's election, file an appeal in the United States district court in which the individual resides or in which the action in question occurred, or in the United States District Court for the District of Columbia. If the individual substantially affected by an order of the Board elects not to file an appeal in a United States district court, the individual may file an appeal in an appropriate United States court of appeals.

126 Stat. at 1161, § 2(d)(1) (emphasis added).

As shown above, the plain language of the statute clearly requires "a decision by the National Transportation Safety Board upholding an order or final decision by the Administrator" as a jurisdictional predicate to district court review. Id. In interpreting the language above, this Court finds that where the statute states "a decision by the National Transportation Safety Board," that language plainly refers to a decision by the full Board of the NTSB, not a decision by an ALJ.

This interpretation is given further support when the statute is viewed in its entirety, as a coherent and consistent framework of reforms supporting the purposes of the administrative exhaustion requirement–protecting administrative agency authority and promoting judicial efficiency. Courts have long held that administrative exhaustion is required before the full

-6-

Board of the NTSB as a jurisdictional predicate to an appeal before a United States court of appeals. See Cornish v. Blakey, 336 F.3d 749, 753 (8th Cir. 2003) (holding that petitioners must exhaust administrative remedies before the full NTSB prior to seeking judicial review of a revocation order in a United States court of appeals under 49 U.S.C. § 46110); Gaunce v. deVincentis, 708 F.2d 1290, 1292 (7th Cir. 1983), *cert. denied*, 464 U.S. 978 (1983) ("The statute [49 U.S.C. § 1486 (later recodified in part at 49 U.S.C. § 1153)] provides for giving deference to the F.A.A. and N.T.S.B., bodies possessing expertise in areas outside the conventional experience of judges, by requiring the completion of the administrative process, with a ruling by the N.T.S.B. where applicable, before commencing the judicial review proceeding.")

As shown above, the Pilot's Bill of Rights allows an airman to appeal an "order of the Board" to a United States court of appeals or a United States district court. Id. By allowing this option, Congress clearly intends that the exhaustion requirement remain in place for both United States courts of appeals and for United State district courts, and that the courts are to construe an "order of the Board" as an order of the full Board of the NTSB, not the order of an ALJ. The statutory language contemplates that

-7-

an airman would exhaust his or her remedies before the full Board of the NTSB and would then have the option of pursuing an appeal before either judicial forum.

In passing the Pilot's Bill of Rights, Congress sought to improve the appeals process for revocation orders by adding certain procedural safeguards and another layer of judicial review. This is evident from the speeches made in support of the bill when it passed through Congress. According to one member of Congress speaking in support of the bill, the purpose of adding district court review was to "add[ ] an additional level of appeal for airmen disputing enforcement action." 2012 WL 3000033, 158 Cong. Rec. H5100-01 (July 23, 2012) (statement of Rep. Bucshon). This additional layer of judicial review was thought to be necessary to address the concerns of pilots that the NTSB was giving excessive deference to decisions by the FAA. Id. In order to promote judicial scrutiny of NTSB decisions, the Pilot's Bill of Rights empowers the courts to engage in an extensive review of the record: "district court[s] shall give full independent review of a denial, suspension, or revocation ordered by the Administrator . . . ." and such review will include all evidence in the record in proceedings before the Administrator and "before the National Transportation Safety

Board." 126 Stat. at 1161, §§ 2(e)(1); 2(e)(2). The statutory framework enacted by Congress contemplates review by the full Board of the NTSB as a predicate to judicial review.

If Plaintiffs' interpretation were adopted, the statute would allow an appeal directly from an order by an ALJ, and would cut the Board of the NTSB out of the appeals process entirely. Doc. # 10 (Plaintiff's Response) at 8. Plaintiffs' approach would undermine the authority of the NTSB and would deprive the courts of the technical expertise that the NTSB would apply to an appeal of an ALJ's decision. This Court does not believe that Plaintiffs' interpretation is a reasonable reading of the statutory language, nor would Congress have intended to remove the long-standing exhaustion requirement with such detrimental effects to the authority of the NTSB and to judicial efficiency.

Accordingly, the plain language of the Pilot's Bill of Rights makes clear that a petitioner must fully exhaust his or her administrative remedies by properly appealing a revocation order to the full Board of the NTSB, and upon completion of an appeal to the Board, the petitioner may seek judicial review of the revocation order in a United States district court or United States court of appeals.

III.

Given the exhaustion requirement, Plaintiffs' claim must be dismissed for lack of jurisdiction. Dexter and Coots failed to exhaust their administrative remedies prior to bringing this action when they did not obtain appellate review of the certificate revocation order by the full NTSB prior to filing for judicial review in this Court. Therefore, Defendant FAA's Motion to Dismiss [Doc. # 6] is **GRANTED**, and Plaintiffs' claim is **DISMISSED** for lack of jurisdiction because of Plaintiffs' failure to exhaust administrative remedies.

This the 24th day of September, 2013.

/s/ N. Carlton Tilley, Jr.<br>
Senior United States District Judge